McDONALD v. CLOUGH ET AL.

| 10 | 59 |
|----|-----|
| 10 | 169 |

1. If an instruction is not properly incorporated into the record, or if no exception appears to have been taken thereto, appellant will not be heard to complain.

2. If, during the existence of a partnership, goods are purchased and received by it, a declaration by one of the partners after the transaction, or dissolution of the firm, that he would not be responsible for the account, does not relieve him from liability.

3. Proof of an account should be made by producing the books in which it is entered, or by offering a copy of the account, properly identified, but the failure so to do may not be fatal to a recovery.

*Appeal from County Court, Arapahoe County.*

This suit was brought by N. H. Clough & Co. against John Atkinson and R. P. McDonald as copartners under the firm name of "Atkinson & McDonald." Plaintiff demanded of defendants the sum of $195.50 upon a book account for goods sold and delivered to the defendant partnership. The trial in the county court resulted in a verdict and judgment in plaintiffs' favor for the full amount of the demand. The instruction mentioned in the opinion, asked by defendant McDonald, and refused by the court, reads as follows: "If the jury believe from the evidence in this case that McDonald told N. H. Clough, one of the members of said firm, that he (McDonald) would not be responsible for Atkinson's account, or for goods furnished Atkinson, then the jury are instructed that the plaintiffs cannot recover anything for any meat delivered after that time."

The remaining facts are sufficiently stated in the opinion.

Mr. J. P. Brockway, for appellant.

Mr. John A. Clough, Jr., for appellees.

Helm, J. This cause was originally begun before a justice of the peace. Therefore, upon the retrial on appeal in the county court, there were no written pleadings.

The instruction discussed under the first assignment of error nowhere appears in the record before us; nor is there in the record an objection or exception on the part of appellant to any instruction given for appellees. Either of these considerations would absolutely forbid our further noticing this assignment.

The county court committed no error in refusing the instruction asked by appellant, who was one of the defendants below. This instruction wholly ignores the question of a partnership between McDonald and Atkin-

·son, and the notice mentioned was given after the asserted liability accrued. If such partnership existed at the time the goods were sold and delivered, and if they were actually delivered to and received by the firm, a declaration by one of the partners subsequent to the transaction, that he would not be responsible for the account, could not in law relieve him of such responsibility. Besides, as no meat was sold or delivered after the conversation on May 22d between McDonald and Clough, in which the former denied his liability, there was no evidence upon which to base the instruction refused.

The existence of the defendant copartnership when the account sued on accrued is involved in considerable doubt. Had the jury found differently upon this question, we would not disturb their verdict, but there is a good deal of proof to support their finding. The testimony of five witnesses tends to sustain plaintiffs' theory in relation thereto. Defendant McDonald denies the partnership, but defendant Atkinson, who was one of the five witnesses mentioned sworn for plaintiffs, directly contradicts the testimony of McDonald in this particular. If the written dissolution of March 18th, offered in evidence, referred to the defendant firm, it would probably be decisive. It would show that, prior to that date, such a partnership existed, and that it then terminated. But the firm sued is "Atkinson & McDonald." The firm spoken of in the dissolution agreement is "R. P. McDonald & Co." Atkinson testifies that the latter partnership was engaged in *brick laying*, while the former was entered into for the purpose of *brick making*, and that another copartnership "writing" was drawn and executed when the firm of Atkinson & McDonald was formed, which writing was left with a Mr. King, who drew it. Since the proofs upon this issue are conflicting, and since it is the peculiar province of the jury to pass upon the credibility of witnesses, and resolve conflicts in testimony,

we shall decline to reverse the case upon the assignment of error now under consideration.

The remaining assignment discussed relates to the sufficiency of the evidence to sustain the judgment. Plaintiffs committed a serious oversight in not producing their books, and proving the account therefrom, or offering in evidence the copy of the account identified by Atkinson; but we are of opinion that, under all the circumstances disclosed by the record before us, this mistake should not be held fatal. An itemized bill or copy of the account was shown to defendant Atkinson while giving his testimony. He examined the same, and repeatedly said he believed it to be correct. He also testified (still looking at the bill) that the indebtedness as represented thereby was $195.55. Here was a clear and positive admission by one of the defendant copartners that the different entries constituting the entire account were correct, and that the total demand of $195.55 was just. By this and other testimony the jury were informed that plaintiffs had sold and delivered to defendants a quantity of meat that had not been paid for; that the just and reasonable value of this meat was $195.55, which amount was due the plaintiffs. For this sum the verdict was returned and the judgment entered.

While McDonald, the only appellant, denies his individual liability in the action at bar, he in no way controverts or challenges the correctness of the account itself, or the amount claimed. He simply treats it as a personal obligation of Atkinson with which he has nothing to do. We are not advised by the record that the copartnership of Atkinson and McDonald had been dissolved prior to the trial in the county court; but, were such dissolution an admitted fact, there is much and weighty authority to sustain the reception in evidence, against McDonald, of Atkinson's declarations and admissions upon the witness stand concerning the correctness of the account;

also the amount due thereon. Many cases, both in England and America, adhere to the rule that a partner's declarations and admissions, after dissolution of the firm, concerning transactions with the firm in the line of its business before such dissolution, are admissible against his former copartner. Pars. Partn. (2d ed.) 199, 200, note *p;* also, id. 404 *et seq.* But it may be sufficient to say that McDonald is not in a position to attack the admission of this testimony, as he reserved no exception thereto at the trial.

We shall decline to hold that the verdict was not warranted by the evidence. As counsel contend, the proofs point strongly to the conclusion that plaintiffs did not know of the partnership when they sold the meat and gave the credit. But, if such were the fact, it would not prevent a recovery against McDonald. A secret or unknown partner is held liable for debts incurred in the partnership business, because, while he adds no credit to the firm, he shares in the advantage secured through its existence. Pars. Partn. (2d ed.) 32.

The judgment is affirmed. *Affirmed.*